<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
THOMAS HOWE,                  :    CIV. NO. 20-5249(RMB)
                              :
          Petitioner          :
                              :
     v.                       :          **OPINION**
                              :
WARDEN,                       :
                              :
          Respondent          :
```

BUMB, District Judge

Petitioner Thomas Howe, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from prison under the CARES Act. (Pet., Dkt. No. 1.) Respondent filed an answer to the Petition on May 8, 2020, opposing habeas relief. (Answer, Dkt. No. 4.) Petitioner then filed a reply brief and two subsequent letters. (Reply Brief, Dkt. No. 5; Letters, Dkt. Nos. 6, 7.)

For the reasons discussed below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

I. BACKGROUND

In his petition for writ of habeas corpus seeking release to home confinement under the CARES Act, Petitioner alleged that he

1

has medical conditions that make him particularly vulnerable to serious complications from the COVID-19 virus. (Pet., Dkt. No. 1.) In his reply brief, Petitioner asserted that he sent a letter to the warden but never received a response; therefore, he exhausted available remedies. (Reply Brief, Dkt. No. 5.)

In his reply brief, Petitioner also stated that exhaustion should be waived under 18 U.S.C. § 3582(c)(1)(A), but that statute governs modification of a prisoner's sentence. This Court lacks jurisdiction to modify Petitioner's sentence, he must seek such relief from the court that sentenced him. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). This Court will, however, address Petitioner's request for habeas relief under the CARES Act.

In his reply brief, Petitioner asserts that he measured his own PATTERN score, and believes that it is 9, a score of "minimum" which makes him eligible for home confinement. (Reply Brief, Dkt. No. 5 at 2.) Petitioner further alleges that he was not convicted of a violent crime, and he believes he is eligible for home confinement under the CARES Act. (Id. at 3.) In a supplemental letter to the Court, Petitioner reasserts that he exhausted his administrative remedies by writing a letter to the warden. (Id.) Petitioner also described the medical conditions that make him vulnerable to COVID-19. (Letter, Dkt No. 6.) Petitioner argues that the exhaustion requirement should be waived. (Id.)

2

In a second supplemental letter to the Court, Petitioner alleges that he has been without his albuterol inhaler since March 2020, and that there is no method for a prisoner to seek expedited medical attention for an emergency. (Letter, Dkt. No. 7 at 1-2.) The Court notes that the proper avenue for injunctive relief, such as a change in the method for seeking emergency medical attention based on an alleged unconstitutional condition of confinement, is to file a civil rights action, which is subject to the exhaustion requirement in 42 U.S.C. § 1997e(c)(1). If Petitioner files such an action, he is not precluded from proceeding if he exhausted administrative remedies that were available to him. See Ross v. Blake, 136 S. Ct. 1850, 1855 (2016). In this action, however, Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, based on his alleged eligibility for home confinement under the CARES Act.

Before the CARES Act was passed on March 27, 2020, 18 U.S.C. § 3624(c)(2) provided the BOP with the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2) (effective July 19, 2019). As part of the CARES Act, Congress sought to address the spread of the coronavirus in prisons by permitting BOP to expand the use of home confinement under § 3624(c)(2). See Pub. L. No. 116-136, § 12003(b)(2). Upon direction

3

of the Attorney General, Section 12003(b)(2) of the CARES Act temporarily suspends the limitation of home confinement. Id.

On April 3, 2020, the Attorney General authorized the BOP to immediately maximize transfers to home confinement of all appropriate inmates held at BOP facilities where the BOP Director determines that COVID-19 is materially affecting operations. (Reiser Decl., ¶11, Dkt. No. 4-2.) The BOP is currently assessing a number of factors to ensure that an inmate is suitable for home confinement including, but not limited to, reviewing the inmate's institutional discipline history for the last twelve months; ensuring that the inmate has a verifiable release plan; verifying that the inmate's primary offense is not violent, a sex offense, or terrorism related; and confirming the inmate does not have a current detainer. (Id., ¶18.) BOP has generally prioritized for home confinement those inmates who have served half of their sentences or who have 18 months or less remaining in their sentences and have served 25% or more of their sentences. (Id.) These priority factors are subject to deviation in BOP's discretion and are subject to revision as the situation progresses. (Id., ¶19.)

As of April 13, 2020, the BOP entered Phase Six of its Action Plan to prevent the spread of COVID-19. (Reiser Decl., ¶21a)). The

4

BOP regularly updates the resource page on its website to inform the public of its modified operations. (Id., ¶21f)).[1]

II. DISCUSSION

    A. <u>Standard of Law</u>

A federal prisoner may challenge the execution of his or her sentence in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235, 243-44 (3d Cir. 2005); <u>Coady v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir. 2001). 28 U.S.C. § 2241(c)(3) provides: "The writ of habeas corpus shall not extend to a prisoner unless-- (3) He is in custody in violation of the Constitution or laws or treaties of the United States…."

    There is a judicially created exhaustion requirement for habeas petitions brought under 28 U.S.C. § 2241. <u>Callwood v. Enos</u>, 230 F.3d 627, 633-34 (3d Cir. 2000). In the typical case, an inmate's failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal. <u>Moscato v. Fed. Bureau of Prisons</u>, 98 F.3d 757, 761-62 (3d Cir. 1996).

The administrative remedy procedure for the BOP is set forth at 28 C.F.R. §§ 542.10 to 542.19. The procedure provides formal review of any complaint that relates to any aspect of the inmate's confinement. 28 C.F.R. § 542.10(a). For most complaints, inmates

---

[1] Available <u>www.bop.gov/coronavirus</u> (last visited June 23, 2020).

5

must first attempt to resolve the complaint informally with institution staff. 28 C.F.R. § 542.13(a). If that fails, the inmate may file an administrative remedy request with the Warden of the institution, within 20 calendar days of the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a). If the Warden denies the request, the inmate may file an appeal with the Regional Director, within 20 calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons, within 30 calendar days from the date the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

B.  Analysis

Respondent asserts that the petition should be denied because Petitioner has not exhausted his administrative remedies. (Declaration of Christina Clark[2] ("Clark Decl.,") ¶4 and Ex. 1, Dkt. No. 4-1.) As of April 30, 2020, according to BOP records, Petitioner had not filed any administrative remedies seeking home

---

[2] Christina Clark is a Senior Attorney for the Bureau of Prisons at FCI Fort Dix. (Clark Decl., ¶1, Dkt. No. 4-1.)

confinement. (Clark Decl., ¶4, Ex. 1, Dkt. No. 4-1.) Petitioner filed one administrative remedy with the Regional Office, requesting compassionate release. (Id.) The request was rejected because he failed to first file with the warden. (Clark Decl., ¶4, Ex. 1, Dkt. No. 4-1.) Petitioner did not refile. (Id.)

Petitioner disputes that the remedy procedure is available to him because the warden failed to respond to his letter. (Reply Brief, Dkt. No. 5.) Petitioner, however, does not state that he filed a formal administrative remedy request with the warden in compliance with 28 C.F.R. § 542.14(a). Petitioner has not shown that the administrative remedy procedure was unavailable to him. Furthermore, the Court finds that exhaustion is not futile under these circumstances. Cf. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir.1998) (exhaustion not required where petitioner demonstrates futility). If the BOP miscalculated Petitioner's PATTERN score, as Petitioner alleges, the BOP is in the best position to correct such error.

Respondent submits that Petitioner does not meet the eligibility requirements for home confinement under 18 U.S.C. § 3624(c) based on his low PATTERN score and because he has not yet served 50% of his sentence. (Reiser Decl., ¶25, Dkt. No. 4-2.) The BOP has discretion to deviate from its prioritization of factors for home confinement under the CARES Act, but habeas review is limited and deferential to the BOP's decision. Therefore,

7

Petitioner should exhaust his administrative remedies prior to seeking habeas corpus relief under the CARES Act.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

An appropriate Order follows.

**Date: June 23, 2020**

>                s/Renée Marie Bumb
>                **RENÉE MARIE BUMB**
>                **United States District Judge**